**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4294**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALLEN JOHNSON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:18-cr-00218-DKC-1)

Submitted:  January 13, 2020               Decided:  January 30, 2020

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  John Walter Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Johnson appeals the 132-month sentence imposed following his guilty plea, entered pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a) (2018), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2018). Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Johnson's sentence. Although notified of his right to do so, Johnson has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

We review Johnson's sentence for abuse of discretion. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then must also consider the substantive reasonableness of Johnson's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."

2

*United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.*

Here, the court correctly calculated Johnson's advisory Guidelines range, heard argument from counsel, provided Johnson an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) agreement.  Because Johnson has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *Louthian*, 756 F.3d at 306.  We therefore conclude that Johnson's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court.  In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Johnson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*